## MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**

_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

Author: Jamie S. Felsen – Partner
Direct E-Mail Address: jamie@mllaborlaw.com
Direct Dial: (516) 303-1391

**Via ECF**

February 15, 2016

Hon. Vernon S. Broderick, U.S.D.J.
United States District Court Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:   Sandoval et al. V. Philippe North America Restaurants LLC et al.**
       **SDNY Case No.: 16-cv-00615 (VSB)(SN)**
       **Our File No.: 201-6**

Dear Judge Broderick:

     This firm represents Defendants, Dave 60 NYC, Inc., Philippe NYC I LLC, Philippe Chow East Hampton LLC, Philippe Chow Holdings LLC, Philippe Chow MGMT LLC, Philippe Equities LLC, Philippe Chow, and Merchants Hospitality Inc.  This letter shall serve as these Defendants' request for a pre-motion conference regarding their anticipated motion to dismiss the Complaint under Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6) or, in the alternative, to compel Plaintiffs to arbitrate their claims pursuant to Section 3 of the Federal Arbitration Act and stay the case.  The reasons for the anticipated motion are discussed briefly below.

     A dispute is subject to arbitration where "the parties have entered into a valid agreement" and "the dispute at issue comes within the scope of the arbitration agreement."  Nasdaq OMX Grp., Inc. v. UBS Securities, LLC, 770 F.3d 1010, 1032-33 (2d Cir. 2014); see also American Express Co. v. Italian Colors Rest., 133 S. Ct. 2304, 2309, 186 L. Ed. 2d 417 (2013) (noting that the text of the FAA "reflects the overarching principle that arbitration is a matter of contract . . . [a]nd consistent with that test, courts must rigorously enforce arbitration agreements according to their terms").

     In this case, all but one Plaintiff executed arbitration agreements with Dave 60 NYC, Inc. and/or Philippe NYC I LLC, in addition to any of their employees, officers, directors, shareholders, and all affiliates, successors, assigns, subsidiaries, and/or parent companies and

Case 1:16-cv-00615-VSB   Document 52   Filed 02/15/16   Page 2 of 4

Hon. Vernon S. Broderick, U.S.D.J.
United States District Court Southern District of New York
February 15, 2016
P a g e | 2

their officers, directors, shareholders, members and managers.  The claims against the various Defendants are subject to arbitration.

Defendants provided the arbitration agreements to Plaintiffs following the commencement of this action.  Plaintiffs requested information from Defendants regarding the relationship between the Defendants and Dave 60 NYC, Inc. and Philippe NYC I LLC.  However, this information need not be provided because, through Plaintiffs' own judicial admissions in the Complaint, they concede that the Defendants are affiliated entities:

- Plaintiffs refer collectively to all Defendants throughout the Complaint being jointly liable for failing to correctly pay Plaintiffs;
- In paragraph 5 of the Complaint, Plaintiffs allege that they are current and former employees of restaurants owned and operated by Philippe Chow in Manhattan, the Hamptons, and Jericho;
- Paragraph 10 of the Complaint alleges that Plaintiffs' claims arise from the same nexus of facts and circumstances, and involve nearly identical issues of fact and law;
- Paragraph 12 of the Complaint alleges that Dave 60 NYC, Inc. operates the Philippe restaurant located in Manhattan;
- Paragraph 13 of the Complaint alleges that Philippe NYC I LLC operates the Philippe restaurant located in Manhattan;
- Paragraph 15 of the Complaint alleges that Philippe Chow East Hampton LLC operates the Philippe restaurant located in East Hampton;
- Paragraphs 18-20, and 22 allege that Merchants Hospitality Inc., Philippe Chow Holdings LLC, Philippe Chow MGMT LLC, and Philippe Equities LLC operate the Philippe Chow restaurants;
- Paragraph 24 alleges that Philippe Chow is the co-owner and executive chef of the Philippe Chow restaurants (located in Manhattan, Jericho, and the Hamptons);
- Paragraph 60 of the Complaint alleges that Plaintiffs bring their FLSA claims on behalf of all similarly situated persons employed by Defendants at any of the Philippe Chow Restaurants;
- Paragraph 61 of the Complaint alleges that Plaintiffs were subject to Defendants' common policy of willfully failing and refusing to pay them properly;
- Paragraph 68 of the Complaint alleges that Plaintiffs bring their NYLL claims as a class on behalf of all similarly situated persons employed by Defendants at any of the Philippe Chow Restaurants;
- Paragraphs 69-70 of the Complaint alleges that Plaintiffs were paid under the same common policies, plans, and practices of Defendants;
- Paragraph 75 of the Complaint alleges that Plaintiffs' claims raise common questions of law and fact concerning Defendants' pay practices;
- Paragraph 76 of the Complaint alleges that Plaintiffs' common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability;

Hon. Vernon S. Broderick, U.S.D.J.
United States District Court Southern District of New York
February 15, 2016
P a g e | 3

- Paragraph 77 of the Complaint alleges that Plaintiffs' claims are typical of the claims of the class;
- Paragraph 78 of the Complaint alleges that Plaintiffs' interests are coextensive with the class they seek to represent;
- Paragraph 85 of the Complaint alleges that Plaintiffs' claims are interrelated;
- Paragraph 86 of the Complaint alleges that the questions of law and fact are arise from the same course of events and each class member makes similar legal and factual arguments to prove Defendants' liability;
- Paragraph 87 of the Complaint alleges the amount of individuals "employed by Defendants at the Philippe Chow Restaurants" who should be part of the class; and
- The Prayer for Relief clause requests a declaration that Defendants' practices are unlawful.

Therefore, Plaintiffs' own allegations establish that the arbitration agreement applies to all Defendants. Plaintiffs cannot allege that Defendants are affiliated for purposes of bringing claims against each of them and then, to the contrary, argue that they are not affiliated in an attempt to avoid enforcement of the arbitration agreement by the Defendants. See Victorio v. Sammy's Fishbox Realty Co., LLC, 2015 U.S. Dist. LEXIS 61421 (S.D.N.Y. May 6, 2015) ("By treating all the Defendants as a single unit, Plaintiffs themselves have demonstrated the level of 'intertwined-ness' needed to force arbitration of any claims Plaintiffs may have against these non-signatory corporations").

Moreover, the claims of Juan Aca, the sole Plaintiff who did not sign an arbitration agreement, must be dismissed, and sanctions issued against him and his counsel.[1] Mr. Aca has no viable claims because, on October 1, 2013, in a different lawsuit, he executed a court-approved settlement agreement releasing any and all claims against Defendants, and he has not worked for any of the Defendants since he executed the settlement agreement. Indeed, Mr. Aca has breached that settlement agreement by commencing this action.

Additionally, Plaintiffs Oscar Sandoval, Edvin Chavez, Felix Maldonado Diaz, Jose Luis Maldonado Lopez, Kihel Noureddine, Ignacio Quijano-Aviles, and Filberto Villalba were plaintiffs or opt-ins in the same litigation as Mr. Aca wherein they also executed court-approved settlement agreements that contained general releases against Defendants. Although the general releases may not apply with respect to claims concerning their employment post-settlement, they now assert claims for periods that are covered by the prior settlement agreement. They have breached the settlement agreements by asserting claims covering periods that have already been settled.

Based on the foregoing, Defendants request a pre-motion conference.

---

[1] Defendants have served notice pursuant to Fed. R. Civ. Proc. 11 on Plaintiffs and their counsel concerning their anticipated motion for sanctions. If Plaintiffs fail to withdraw the Complaint within twenty-one (21) days of service of the notice, Defendants will file a motion for sanctions.

Hon. Vernon S. Broderick, U.S.D.J.
United States District Court Southern District of New York
February 15, 2016
P a g e | **4**

                Respectfully submitted,

                <u>/s/ Jamie S. Felsen</u>

cc:  David E. Gottlieb, Esq. (via ECF)