```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
OSCAR SANDOVAL, et al.,                                     :
                                                            :
                              Plaintiffs,                   :
                                                            :          16-CV-0615 (VSB)
             -v-                                            :
                                                            :          MEMORANDUM & OPINION
PHILIPPE NORTH AMERICAN                                     :
RESTAURANTS, LLC, et al.,                                   :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/31/2017

Appearances:

Kenneth D. Sommer
David E. Gottlieb
Wigdor LLP
New York, New York
*Counsel for Plaintiffs*

Jamie S. Felsen
Milman Labuda Law Group, PLLC
New Hyde Park, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

  Plaintiffs Oscar Sandoval, Esteban Aca, Elmer Bonilla, Henrique Castillo, Edvin Chavez, Felix Maldonado Diaz, Alexandru Dobrin, Enrique Flores, Kerry Nohoth Hernandez-Rodriguez, Pablo Lainez, Jose Luis Maldonado Lopez, Martin Lopez, Edin Muratvoc, Juan Carlos Navarrete-Rodriguez, Kihel Noureddine, Daniele Perugini, Angel Quito, Leonardo Ramon, Flavio Soto, Filiberto Villalba, Edwin Zevallos, and Freddy Zevallos (collectively, "Plaintiffs"), on behalf of themselves and all other similarly-situated individuals in this putative class and collective action, without opposition from Defendants Dave 60 NYC, Inc., Philippe NYC I LLC,

1

Philippe Chow East Hampton LLC, Philippe Chow Holdings LLC, Philippe Chow Mgmt LLC, Philippe Equities LLC, Merchants Hospitality, Inc., Philippe Chow, Abraham Merchant, Joseph Goldsmith, Steven Kantor, Steven Boxer, Richard Cohn, and Adam Hochfelder (collectively, "Defendants"), move for an order (1) granting preliminary approval of the proposed class and collective action Settlement Agreement and Release (the "Settlement Agreement") reached by the parties in this action; (2) conditionally certifying the proposed class; (3) approving the proposed notice of settlement; and (4) appointing class counsel and class representatives.  (Docs. 110, 111.)  Plaintiffs had brought this action alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and New York Labor Law, § 190 *et seq.* (the "NYLL").  For the reasons set forth herein, Plaintiffs' unopposed motion is DENIED.

## I.    Factual and Procedural Background

Plaintiffs and members of the proposed collective action are persons who were employed by Defendants as "Servers," "Bussers," "Runners," "Bartenders," "Barbacks," or similar service "tipped" positions who were not paid the prevailing minimum wage for all hours worked during the full statutory limitations period set by the FLSA.  Plaintiffs are members of the proposed class action are persons who were similarly employed by Defendants as "Servers," "Bussers," "Runners," "Bartenders," "Barbacks," or similar service "tipped" positions who were subject to the NYLL and related state law claims during the full statutory limitations period.  (Am. Compl. ¶¶ 6, 7.)[1]  Plaintiffs alleged that Defendants (1) failed to pay minimum wage in violation of the FLSA and NYLL; (2) illegally retained tips, and distributed tips to ineligible employees of gratuities and "charges purported to be gratuities" in violation of the NYLL; (3) failed to pay spread-of-hours compensation in violation of the NYLL and NYCRR; (4) failed to pay wages for

---

[1] "Am. Compl." refers to the Amended Complaint, filed on March 7, 2016.  (Doc. 72.)

all hours worked in violation of the NYLL; (5) failed to pay overtime compensation in violation of the FLSA and NYLL; and (6) unlawfully furnished inaccurate wage statements.  (*Id.* ¶ 5.)

Plaintiffs commenced this action by filing the Complaint on January 27, 2016.  (Doc. 1.)  On March 7, 2016, Plaintiffs filed their Amended Complaint.  (Doc. 72.)  On March 25, 2016, I granted Defendants' request for a pre-motion conference, (Doc. 91), and on April 29, 2016, granted the parties joint request to stay all proceedings pending mediation, (Doc. 97).  On March 24, 2017, after Plaintiffs requested that I lift the stay to allow the case to proceed, I lifted the stay and directed the parties to appear for a pre-motion conference in order to address Defendants' original arguments to dismiss the Amended Complaint and/or to compel arbitration.  (Doc. 107.)  I held a pre-motion conference on April 6, 2017, and on May 12, 2017, Plaintiffs submitted their unopposed motion for preliminary settlement approval.  (Docs. 110, 111, 112.)  On July 24, 2017, the parties further submitted a joint letter indicating that the United States Bankruptcy Judge in this matter had approved the terms of the Settlement Agreement with one "minor clarification."  (Doc. 113.)

## II.     Discussion

### A.     *Preliminary Approval of the Class Settlement*

District courts have discretion to approve proposed class action settlements.  *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995).  The parties and their counsel are in a unique position to assess the potential risks of litigation, and thus district courts in exercising their discretion often give weight to the fact that the parties have chosen to settle.  *See Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693 (PGG), 2013 WL 1832181, at *1 (S.D.N.Y. Apr. 30, 2013).

Review of a proposed settlement generally involves preliminary approval followed by a

fairness hearing.  *Silver v. 31 Great Jones Rest.*, No. 11 CV 7442 (KMW)(DCF), 2013 WL 208918, at *1 (S.D.N.Y. Jan. 4, 2013).  To grant preliminary approval, a court need only find "probable cause to submit the [settlement] proposal to class members and hold a full-scale hearing as to its fairness."  *In re Traffic Exec. Ass'n-E. R.R.s*, 627 F.2d 631, 634 (2d Cir. 1980) (internal quotation marks omitted).  Preliminary approval is typically granted "where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval."  *Silver*, 2013 WL 208918, at *1 (quoting *In re Initial Pub. Offering Sec. Litig.*, 226 F.R.D. 186, 191 (S.D.N.Y. 2005)) (internal alteration omitted).

Although the settlement here appears to be the result of serious investigations and arm's length negotiations conducted between the parties and before a private mediator, (*see* Pls.' Mem. 3–4),[2] I find that the broad release language contained in Section 5.1(E) removes the Settlement Agreement's terms from being reasonable.

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'"  *Gurung v. White Way Threading LLC*, No. 16-CV-1795 (PAE), 2016 WL 7177510, at *1 (S.D.N.Y. Dec. 8, 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)).  "In the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic."  *Martinez v. Gulluoglu*

---

[2] "Pls.' Mem." refers to the Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement.  (Doc. 111.)

*LLC*, No. 15-CV-2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-CV-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).  The Court's obligation equally applies in the preliminary settlement approval context.  *See* Newberg on Class Actions § 13:15 (5th ed.) (noting "courts have rejected preliminary approval when the proposed settlement contains obvious substantive defects such as . . . overly broad releases of liability").

The general release provision at issue here states that

> In addition to the waiver and release contained in Sections 5.1(A)-(D) above, in consideration for the Enhancement Awards, each Class Member receiving an Enhancement Award knowingly and voluntarily, on behalf of himself and on behalf of his respective current, former and future heirs, spouses, executors, administrators, agents, attorneys, and assigns, irrevocably waives, releases, and fully discharges Releasees from any and all claims, debts, losses, demands, obligations, liabilities, causes of action, charges, grievances, complaints, or suits of any kind that may be legally waived by private agreement, whether known or unknown, from the beginning of the world through the date on which each respective Named Plaintiff executes this Agreement, including, but not limited to: (i) claims arising directly or indirectly from each Named Plaintiff's association with Releasees, whether as an employee, independent contractor, or otherwise, and/or the termination of that association; (ii) claims arising directly or indirectly from the actions or inaction of Releasees; (iii) claims under federal, state, or local laws, statutes, constitutions, regulations, rules, ordinances, or orders, including, but not limited to, claims under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Civil Rights Act of 1866, Sections 1981 through 1988 of Title 42 of the United States Code, the Age Discrimination in Employment Act, the Americans with Disabilities Act of 1990, the Employee Retirement Income Security Act of 1974, the Equal Pay Act, the Immigration Reform and Control Act, the Consolidated Omnibus Budget Reconciliation Act, the Fair Credit Reporting Act, the Occupational Safety and Health Act, the Family and Medical Leave Act of 1993, the New York State Human Rights Law, the New York State Civil Rights Law, the New York City Human Rights Law, each as amended, and any other federal, state, or municipal law; and (iv) any other claims, whether for monies owed, reimbursement, attorneys' fees, litigation costs, damages, torts, intentional infliction of emotional distress, negligence, promissory estoppel, breach of contract, breach of an implied covenant of good faith and fair dealing, constructive discharge, wrongful discharge,

> defamation, fraud, misrepresentation, or otherwise, arising prior to or at the time of each Named Plaintiff's execution of the Agreement. This release includes all claims for damages arising from any such released claims, including claims for liquidated damages, interest, and attorneys' fees, expenses, and costs. Nothing contained in the release set forth in this Section 5.1(D), however, shall preclude any Named Plaintiff from pursuing any claims for unemployment insurance benefits or workers' compensation benefits. Moreover, nothing contained in the release set forth in this Section 5.1(D) shall release any Named Plaintiff's rights to any vested benefits under any applicable employee benefit plan.

This provision is overbroad, as it places almost no limitations on Plaintiffs' waiver of claims and requires Plaintiffs to waive virtually any claim, of any type, without regard to whether the claim is related to the wage and hour violations alleged here. The parties offer no basis for finding that this release provision provides Plaintiffs with any legitimate benefit. As such, the provision is not reasonable, and Plaintiffs' motion for preliminary settlement approval must be denied without prejudice.

### B. *Conditional Certification of the Proposed Class, Appointment of Class Counsel, and Approval of Class Notice*

Because I deny Plaintiffs' motion for preliminary settlement approval, I must also deny without prejudice Plaintiffs' request for conditional certification of the proposed class, appointment of class counsel, and approval of the proposed class notice.

### III. Conclusion

For the foregoing reasons, Plaintiffs' Motion, (Doc. 110), is DENIED without prejudice. The parties may proceed by either:

1. Filing a revised settlement agreement on or before October 6, 2017 that cures the deficiencies in the provisions as discussed above; or

2. Filing a joint letter on or before October 6, 2017 that indicates the parties' intention to abandon settlement, at which point I will set a date for a status conference.

The Clerk's Office is directed to terminate the motion at Document 110.

SO ORDERED.

Dated: August 31, 2017
       New York, New York

_____
Vernon S. Broderick
United States District Judge