# MILMAN LABUDA LAW GROUP PLLC
### 3000 MARCUS AVENUE
### SUITE 3W8
### LAKE SUCCESS, NEW YORK 11042
_____

### TELEPHONE (516) 328-8899
### FACSIMILE (516) 328-0082

**Author: Jamie S. Felsen – Partner**
**Direct E-Mail Address: jamie@mllaborlaw.com**
**Direct Dial: (516) 303-1391**

<u>**Via ECF**</u>

September 14, 2017

Hon. Vernon S. Broderick, U.S.D.J.
United States District Court Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> **Re:    Sandoval et al. v. Philippe North America Restaurants LLC et al.**
> **SDNY Case No.: 16-cv-00615 (VSB)(SN)**
> <u>**MLLG File No.: 20-16**</u>

Dear Judge Broderick:

This firm represents Defendants in the above-referenced action and we write jointly with Plaintiffs.  The parties together respectfully request, pursuant to Local Rule 6.3, that the Court reconsider its August 31, 2017 Memorandum & Opinion (the "Order") denying, *inter alia*, Plaintiffs' motion for preliminary approval of the proposed class and collective action Settlement Agreement and Release.

As the Court is aware, this is a wage-and-hour class action in which Plaintiffs allege, and Defendants dispute, that service employees of Defendants were not paid lawful wages.  On May 12, 2017, Plaintiffs filed a motion for preliminary approval of a class-wide settlement agreement. The settlement agreement included a limited release of claims as to only wage-and-hour claims for all class members who do not opt-out, and a general release of claims for all named plaintiffs who are awarded enhancement payments.  In the Order, Your Honor denied the request for preliminary approval on the ground that the general release applicable to the named plaintiffs is overbroad and/or over-reaching.

A court may grant reconsideration to address any matters "that might reasonably be expected to alter [its] conclusion . . ." <u>Shrader v. CSX Transp.</u>, 70 F.3d 255, 257 (2d Cir. 1995) (affirming grant of motion for reconsideration); <u>Mitchell v. County of Nassau</u>, 2008 WL 1803644, *3 (E.D.N.Y. April 17, 2008)(granting motion for reconsideration).  Reconsideration is appropriate where a court has overlooked pertinent legal authority or facts.  <u>Virgin Atlantic Airways, Ltd. v.</u>

Hon. Vernon S. Broderick, U.S.D.J.
September 14, 2017
P a g e | 2

National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992); Kermanshah v. Kermanshah, 2010 WL 1904135, *1 (S.D.N.Y. May 11, 2010).

      In this case, the Court denied the motion for preliminary approval of the Settlement Agreement and Release because the Settlement Agreement and Release contains a general release that applies to the class representatives receiving enhancement awards.  However, to be sure, the general release applies only to these individuals who are being paid enhancement awards in addition to the monies pursuant to the formula that will apply to all class members.  All class members who are not receiving enhancement awards – who had no bargaining power concerning the settlement terms and are only receiving funds pursuant to the distribution formula – will not be releasing any claims other than claims for wage and hour violations.

      In the Court's Order, Your Honor relied on Gurung v. White Way Threading LLC, 226 F. Supp. 3d 226, 2016 U.S. Dist. LEXIS 170059 (S.D.N.Y. Dec. 8, 2016) and Martinez v. Gulluoglu LLC, 2016 U.S. Dist. LEXIS 5366, 2016 WL 206474 (S.D.N.Y. Jan. 15, 2016), where, in reviewing a settlement of FLSA claims, as required under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015), the courts rejected a provision in the settlement agreements containing a general release.  However, those cases are very distinguishable.  In Gurung, Judge Engelmayer was not presented with a class action and attendant enhancement fees to approve.  In contrast to the present case, Gurug was a single plaintiff action settled for $9,000, meaning that the entire amount of the settlement funds provided to the plaintiff were in exchange for disputed wage-and-hour claims; thus, a general release was unacceptable.  Similarly, in Martinez – also a decision by Judge Engelmayer – though the action was styled as a class action, it was resolved on a single plaintiff basis for $7,000 and there was no evidence that in exchange for the general releases there was any additional consideration separate and apart from the consideration being provided for the release of the FLSA claims.  In contrast, in the matter at bar, a class action settled for up to $1,000,000, the named plaintiffs are only providing a limited wage-and-hour release in exchange for the funds they will each receive pursuant to the settlement fund distribution formula – thus heeding the words of Judge Engelmayer.  The named plaintiffs are only providing a general release in exchange for *additional* compensation being provided above-and-beyond the amounts paid for the wage-and-hour release.

      Where, as here, additional consideration separate and apart from the consideration provided for the settlement of an FLSA claim is provided in exchange for a release of non-FLSA claims, courts do not preclude the enforcement of such an agreement.  See Lopez v. Ploy Dee, Inc., 2016 U.S. Dist. LEXIS 84545 (S.D.N.Y. June 29, 2016) (court merely needs to be able to determine how much a plaintiff is receiving to settle his FLSA claim; so long as settlement agreement identifies the amount of the settlement payment that is attributed to non-FLSA claims covered by a general release, then the Court "need not and will not separately approve the fairness of the settlement of Plaintiff's non-FLSA employment claims"); Gaspar v. Personal Touch Moving, Inc., 2015 U.S. Dist. LEXIS 162243, 2015 WL 7871036 (S.D.N.Y. Dec. 3, 2015) (declining to scrutinize a general release stemming from a non-FLSA claim that happened to be settled in the same agreement as the settlement of FLSA claims); Yunda v. SAFI-G, Inc., 2017 U.S. Dist. LEXIS 65088 (S.D.N.Y. Apr. 28, 2017) (where settlement involves resolution of FLSA and non-FLSA claims, the settlement of non-FLSA claims do not require court approval).

Hon. Vernon S. Broderick, U.S.D.J.
September 14, 2017
P a g e | **3**

Indeed, courts, including this Court, routinely approve general releases in exchange for enhancement payments.  See e.g. Munir v. Sunny's Limousine Service, Inc., No. 13 Civ. 1581 (VSB), Dkt. Nos. 153-1 at ¶ 3.3, 155 (granting final approval of FLSA class action settlement where service awards were provided "separate and apart from, and in addition to, other recovery" in consideration for a general release); deMunecas v. Bold Food, LLC, No. 09 Civ. 440 (DAB), 2010 WL 3322580, at *10 and Dkt. No. 62-3 at ¶ 3.3 (S.D.N.Y. Aug. 23, 2010) (granting final approval of FLSA and NYLL class action settlement where service awards were provided "separate and apart from, and in addition to, other recover which [recipients] might be entitled" in consideration for a general release of claims); Johnson v. Brennan, No. 10 Civ. 4712 (CM), 2011 WL 4357376, at *21 and Dkt. No. 69-3 at ¶ 3.3 (S.D.N.Y. Sept. 16, 2011) (same); Sukhnandan v. Royal Health Care Of Long Island LLC, No. 12 Civ. 4216 (RLE), 2014 WL 3778173, at *16 and Dkt. No. 194-1 at ¶ 3.3 (S.D.N.Y. July 31, 2014) (same); Spicer v. Pier Sixty, LLC, No. 08 Civ. 10240 (PAE), 2012 WL 4364503, at *4 and Dkt. No. 278-1 at ¶ 3.3  (S.D.N.Y. Sept. 14, 2012) (same); Zeltser v. Merrill Lynch & Co., Inc., No. 13 Civ. 1531 (FM), 2014 WL 3778173, at *16 and Dkt. No. 84-1 at ¶ 3.3 (S.D.N.Y. Sept. 23, 2014) (same), and many others.

Moreover, while counsel for all parties is well aware that judicial approval of FLSA settlements is necessary in part to ensure that the employer is not able to wield its power over employees (as noted in Your Honor's Order at p. 4), respectfully that should not be a concern here for a variety of reasons.  First, none of the named plaintiffs are current employees; thus removing that element of concern entirely.

Second, and more importantly, the funds being paid to cover the potential liability on the wage and hour claims are – in fact – being paid in exchange for a limited release as to wage-and-hour claims.  In contrast, the enhancement payments are not intended to cover any potential wage and hour claims and constitute a completely separate amount being provided in exchange for a general release.  In short, the enhancement payments – while being part of the same documented agreement for ease and simplicity – are in reality separate and distinct payments from any amounts being provided in exchange for the limited release.

Third, any fear that the general release is being provided to Defendants as a result of any untoward employer pressure should further be obviated by the fact that all the named plaintiffs are represented by highly qualified employment attorneys.  As Your Honor acknowledged in the Order, the settlement was the result of "serious investigations and arms-length negotiations conducted between the parties and before a private mediator"; see also e.g. Raniere, et al. v. Citigroup Inc., et al., 310 F.R.D. 211 (S.D.N.Y. Sep. 29, 2015) (approving Wigdor LLP as class counsel and stating "Class counsel is well-regarded in this District as skillful and effective class-action advocates").

Fourth, Plaintiffs' counsel represents that the named plaintiffs are well aware that they agreed to an exchange of a general release for the enhancement payments.  In fact, each named plaintiff was informed that they could forgo an enhancement payment and instead simply be provided a pro rata share of the settlement fund according to the distribution formula and only provide to Defendants a limited release for wage-and-hour claims.  However, according to Plaintiffs' counsel, each named plaintiff – fully understanding the nature of the exchange –

Hon. Vernon S. Broderick, U.S.D.J.
September 14, 2017
P a g e | **4**

knowingly and voluntarily chose to provide a general release in exchange for additional compensation. If the settlement is not approved, Defendants are likely going to demand that the enhancement payments be withdrawn entirely and the named plaintiffs will not be compensated in any way for the work they have performed on behalf of the class members, and will in effect end up with a deal that they view as far worse.

Therefore, the parties respectfully request reconsideration of the Court's Order denying Plaintiff's motion for preliminary settlement approval, and counsel is happy to provide any additional information or appear in-person as the Court may so desire.

Respectfully submitted,

/s/ Jamie S. Felsen

cc: David Gottlieb, Esq. (via ECF)