```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
OSCAR SANDOVAL, et al.,                                     :
                                                            :
                              Plaintiffs,                   :
                                                            :                16-CV-0615 (VSB)
              -v-                                           :
                                                            :                     ORDER
PHILIPPE NORTH AMERICAN                                     :
RESTAURANTS, LLC, et al.,                                   :
                                                            :
                              Defendants.                   :
                                                            X
------------------------------------------------------------
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/8/2017

VERNON S. BRODERICK, United States District Judge:

      I am in receipt of the parties' September 14, 2017 joint motion for reconsideration, (Doc. 115), of my August 31, 2017 Memorandum & Opinion, (Doc. 114), denying the parties' request for preliminary approval of the proposed class and collective action Settlement Agreement and Release. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The parties have not pointed to "controlling decisions or data that the court overlooked."

      The Second Circuit has identified "overbroad release[s]" such as the one contained in the parties' Settlement Agreement and Release as a reason why "judicial approval in the FLSA setting is necessary." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824, 193 L. Ed. 2d 718 (2016). The parties have provided no controlling authority that would obviate the need to follow the guidance in *Cheeks*. The district court cases cited by the parties, (s*ee* Doc. 115, at 2–3), do not address releases as broad as that

contained in the Settlement Agreement and Release.[1]  Other district courts have rejected such overbroad releases.  *See, e.g.*, *Hyun v. Ippudo USA Holdings*, 14-CV-8706 (AJN), 2016 WL 1222347, at *3–4 (S.D.N.Y. Mar. 24, 2016).  In any event, the cases cited by the parties are not controlling.  Accordingly, it is hereby:

    ORDERED that the parties' joint motion for reconsideration, (Doc. 115), is DENIED;

    IT IS FURTHER ORDERED that on or before December 4, 2017, the parties may file a revised settlement agreement that cures the deficiencies in the provisions as discussed above and in my August 31, 2017 Memorandum & Opinion, (Doc. 114), or file a joint letter that indicates the parties' intention to abandon settlement, at which point I will set a date for a status conference.

    The Clerk's Office is directed to terminate the motion at Document 115.

SO ORDERED.

Dated: November 8, 2017
       New York, New York

*Vernon S. Broderick*
United States District Judge

---

[1] In *Yunda v. SAFI-G, Inc.*, No. 15 Civ. 8861 (HBP), 2017 U.S. Dist. LEXIS 65088, at *3–5 (S.D.N.Y. Apr. 28, 2017), the parties executed two separate settlement agreements for their FLSA claims and their non-FLSA claims, and the district court did not review the non-FLSA settlement agreement for fairness.  The parties here are invited to address this issue in a similar manner.