UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                             :

OSCAR SANDOVAL, et al., on behalf of    :
themselves and on behalf of other similarly- :
situated individuals,                                 :
                                   Plaintiffs,     :            16-CV-615 (VSB)(SN)
                                                    :
                      - against -                  :            **OPINION & ORDER**
                                                    :
PHILIPPE NORTH AMERICAN           :
RESTAURANTS, LLC, et al.,                :
                                 Defendants.  :
                                                    :
-----------------------------------------------------------X
*USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 4/4/2018*

<u>Appearances</u>:

David E. Gottlieb
Wigdor LLP
New York, New York
*Counsel for Plaintiffs*

Jamie S. Felsen
Milman Labuda Law Group, PLLC
New Hyde Park, New York
*Counsel for Defendants*

<u>VERNON S. BRODERICK</u>, United States District Judge:

      Plaintiffs Oscar Sandoval, Esteban Aca, Elmer Bonilla, Henrique Castillo, Edvin Chavez, Felix Maldonado Diaz, Alexandru Dobrin, Enrique Flores, Kerry Nohoth Hernandez-Rodriguez, Pablo Lainez, Jose Luis Maldonado Lopez, Martin Lopez, Edin Muratvoc, Juan Carlos Navarrete-Rodriguez, Kihel Noureddine, Daniele Perugini, Angel Quito, Leonardo Ramon, Flavio Soto, Filiberto Villalba, Edwin Zevallos, and Freddy Zevallos (collectively, "Plaintiffs"), on behalf of themselves and all other similarly-situated individuals in this putative class and collective action, without opposition from Defendants Dave 60 NYC, Inc., Philippe NYC I LLC, Philippe Chow East Hampton LLC, Philippe Chow Holdings LLC, Philippe Chow Mgmt LLC,

Philippe Equities LLC, Merchants Hospitality, Inc., Philippe Chow, Abraham Merchant, Joseph Goldsmith, Steven Kantor, Steven Boxer, Richard Cohn, and Adam Hochfelder (collectively, "Defendants"), renew their motion for an order (1) granting preliminary approval of the proposed class and collective action Settlement Agreement and Release (the "Settlement Agreement") reached by the parties in this action; (2) conditionally certifying the proposed class; (3) approving the proposed notice of settlement; and (4) appointing class counsel. (*See* Docs. 110, 120.) Plaintiffs brought this action alleging that Defendants violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, *et seq.*, and New York Labor Law (the "NYLL"), § 190, *et seq.* For the reasons set forth herein, Plaintiffs' unopposed motion is GRANTED.

## I. Factual and Procedural Background

The facts underlying this action are detailed in my Memorandum and Order denying Plaintiffs' initial motion, (Doc. 114), so I do not recount them here. On May 12, 2017, Plaintiffs filed an unopposed motion seeking preliminary settlement approval, conditional certification of the proposed class, approval of the proposed notice of settlement, and appointment of Wigdor LLP as class counsel. (Doc. 110.) They filed a memorandum of law in support of their motion, (Doc. 111), as well as the Declaration of David E. Gottlieb, (Doc. 112), on the same date.

On August 31, 2017, I denied Plaintiffs' unopposed motion because § 5.1(E) of the proposed Settlement Agreement contained an overbroad general release. (*See* Doc. 114, at 4–6.) The parties jointly moved for reconsideration on September 14, 2017, (Doc. 115), which I also denied because it did not meet the standards for granting such a motion, (Doc. 117).

On January 10, 2018, the parties submitted a joint letter informing me that they had reached an agreement (the "Stipulation") to strike the general release language contained in § 5.1(E) such that it has no force or effect. (Docs. 120, 120-1.) The Stipulation provides that it

"shall be an addendum to the Settlement Agreement." (Doc. 120-1.) The parties requested that I so order the Stipulation and renewed their request for preliminary approval of the Settlement Agreement, which, apart from the addition of the Stipulation, was identical to the settlement agreement submitted with Plaintiffs' original motion. (*Id.*) On February 20, 2018, Plaintiffs submitted a letter inquiring whether I needed any additional information with regard to their unopposed motion. (Doc. 123.)

## II. Discussion

### A. *Preliminary Approval of the Class Settlement*

District courts have discretion to approve proposed class action settlements. *See Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995). The parties and their counsel are in a unique position to assess the potential risks of litigation, and thus district courts in exercising their discretion often give weight to the fact that the parties have chosen to settle. *See Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693(PGG), 2013 WL 1832181, at *1 (S.D.N.Y. Apr. 30, 2013).

Review of a proposed settlement generally involves preliminary approval followed by a fairness hearing. *Silver v. 31 Great Jones Rest.*, No. 11 CV 7442(KMW)(DCF), 2013 WL 208918, at *1 (S.D.N.Y. Jan. 4, 2013). To grant preliminary approval, a court need only find "probable cause to submit the [settlement] proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n E. R.R.s*, 627 F.2d 631, 634 (2d Cir. 1980) (internal quotation marks omitted). Preliminary approval is typically granted "where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval." *Silver*,

3

2013 WL 208918, at *1 (quoting *In re Initial Pub. Offering Sec. Litig.*, 226 F.R.D. 186, 191 (S.D.N.Y. 2005)).

Having reviewed Plaintiff's submissions, including the proposed Settlement Agreement and Stipulation, (Doc. 120-1), I conclude that the Settlement Agreement and Stipulation are the result of substantial investigative efforts,[1] arm's length negotiations,[2] and the assistance of a neutral mediator, and that terms are within the range of possible settlement approval. The parties' Stipulation to strike the general release contained in § 5.1(E) cures the defect identified in my previous order. As such, I preliminarily approve the Settlement Agreement.

### B. *Conditional Certification of the Proposed Class and Appointment of Class Counsel*

I provisionally certify for settlement purposes the following "Settlement Class" under Federal Rule of Civil Procedure 23(e): all tipped service employees including servers, bartenders, bussers, and runners, who worked at Defendants' locations of Philippe Restaurants between January 27, 2010 and April 21, 2017. (*See* Doc. 120-1 § 2.7.)

To be certified under Rule 23(a), a class must meet that section's four requirements—numerosity, commonality, typicality, and adequacy of representation—as well as one element of Rule 23(b). Fed. R. Civ. P. 23(b). The Class has greater than forty putative members, (Gottlieb Decl. ¶ 48), and can therefore be presumed sufficiently numerous, *cf. Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (noting that "numerosity is presumed at a level of 40 members"); joinder would be impractical given the relative size of the claims at issue and

---

[1] For example, the parties exchanged over 1,000 pages of documents in discovery, including spreadsheets in native format containing extensive data and records, and devoted a significant amount of time and resources to reviewing and analyzing the discovery materials. (Gottlieb Decl. ¶¶ 21, 25, 26, 50, 51.) "Gottlieb Decl." refers to the Declaration of David E. Gottlieb, filed on May 12, 2017. (Doc. 112.)

[2] In addition to conducting negotiations by phone and email, the parties participated in two full-day mediations before an experienced labor and employment mediator, who helped bring the parties to a resolution. (Gottlieb Decl. ¶¶ 20–23, 27–28.)

4

modest financial resources of the class members; and judicial economy favors avoiding individual actions, particularly where the defendant is amendable to a class settlement. The Named Plaintiffs and putative class members share common issues of fact and law, including whether Defendants unlawfully failed to pay wages to class members for work performed off-the-clock; whether Defendants unlawfully applied a minimum wage tip credit by permitting purported non-service employees to participate in the tip pool; whether Defendants unlawfully withheld tips or gratuities; whether Defendants furnished inaccurate wage statements; and whether Defendants withheld "spread of hours" pay. For many of the same reasons, Plaintiff's claims are typical of those of the Settlement Class. There is nothing to suggest that Plaintiff's interests are antagonistic to those of the other class members. Finally, the proposed Settlement Class satisfies Rule 23(b)(3) because "questions of law or fact common to class members predominate over any questions affecting only individual members," Fed. R. Civ. P. 23(b)(3), and because "class adjudication . . . will conserve judicial resources and is more efficient for class members," *see Silver*, 2013 WL 208918, at *2 (internal quotation marks omitted).

In addition, I appoint Plaintiff's counsel, Wigdor LLP, and in particular David E. Gottlieb, as class counsel. Rule 23(g)(1)(A) requires that a district court consider the following in appointing class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Based upon the investigations done by Wigdor LLP in this case, their efforts in litigating, negotiating, and settling this case, and their previous work as class counsel in similar cases in this Circuit, *see, e.g.*, *Munir v. Sunny's Limousine Service, Inc.*, 13-CV-01581 (VSB), Dkt. Nos. 145, 155

5

(S.D.N.Y. Jan. 8, 2015); *Cordero v. New York Institute of Technology*, 12-CV-3208 (GRB), Dkt. Nos. 60, 72 (E.D.N.Y. Mar. 17, 2016); *Alom v. 13th Street Entertainment*, 14-CV-8707 (SN), Dkt. Nos. 71, 80 (S.D.N.Y. Feb. 2, 2016); *Raniere v. Citigroup Inc.*, 11-CV-2448 (RWS), Dkt. Nos. 163, 174 (S.D.N.Y. Sep. 29, 2015), I conclude that they meet the requirements of Rule 23(g).

### C. *Approval of Class Notice*

Rule 23(c)(2)(B) requires that:

> [T]he court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). After review, I conclude that the notice proposed by Plaintiff, (Doc. 112-5), constitutes the best notice practicable under the circumstances and meets the requirements of due process. It also satisfies all of the seven elements of Rule 23(c)(2)(B).

### III. **Conclusion**

For the foregoing reasons, the parties' joint request, (Doc. 120), is GRANTED. I hereby set the following settlement procedure:

(1) Within fifteen (15) days after the entry of this Order, Defendants will provide the Claims Administrator and Class Counsel with a list (the "Class List") in electronic form containing each of the Class Members' (1) names; (2) last known addresses, phone numbers and email addresses (if known and to the extent that such records exist); (3) job positions; (4) dates of employment during the Relevant Time

6

Period; (5) hourly wage earnings at a Philippe Restaurant in New York State operated by Operating Defendants during the Relevant Time Period for periods for which they have not waived claims; and (6) social security numbers, if available.

(2) Within thirty (30) days after the entry of this Order (or later as may be necessary to resolve any disputes regarding the Class List), the Claims Administrator shall mail the Proposed Notice to each Class Member via First Class Mail (postage prepaid) through the United States Postal Service.

(3) The Proposed Class will have forty-five (45) days after the date the Proposed Notice is mailed to submit a claim form, opt-out of, or object to the Agreement.

(4) I will hold a fairness hearing on July 19, 2018 at 11:30 a.m. in Courtroom 518 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007.

(5) No later than fourteen (14) days prior to the fairness hearing, the Claims Administrator shall certify jointly to Class Counsel and to Defendants' counsel: (a) a list of all Class Members; (b) a list of all Class Members who filed timely objections; and (c) a list of all Class Members who requested to opt-out of the settlement at any time during the opt-out period. The Claims Administrator also shall provide Class Counsel and Defendants' counsel with an updated address list for all Class Members.

(6) No later than fourteen (14) days prior to the fairness hearing, Plaintiffs will submit a Motion for Final Order and Judgment of Dismissal with Prejudice.

(7) After the fairness hearing, if I grant the Motion for Final Order and Judgment of

Dismissal with Prejudice, I will issue an Order Granting Final Approval. If no party appeals my Order Granting Final Approval, the "Final Effective Date" of the Agreement will be thirty (30) days after I enter an Order Granting Final Approval.

(8) Within five (5) days of after entry of this Order, Defendants shall make payment of Two Hundred and Fifty Thousand Dollars and Zero Cents ($250,000.00) into an escrow account established and administered by the Claims Administrator.

(9) Within five (5) days after the Final Effective Date, the Claims Administrator will inform Defendants of the total amount necessary to fund the Settlement Account.

(10) Within fifteen (15) days of the Final Effective Date, Defendants will deposit sufficient funds to cover the Settlement Checks into the escrow account established and administered by the Claims Administrator.

(11) The Claims Administrator will disburse the settlement checks to the Proposed Class, Court-approved attorneys' fees and costs, and Court-approved enhancement awards fees within fourteen (14) days after the payment is made into the escrow account.

(12) The Parties shall abide by all terms of the Agreement, including, but not limited to, those terms addressing the timing and method of Defendants' payments into a settlement fund, and disbursal of same by the Claims Administrator to the Proposed Class.

SO ORDERED.

Dated: April 4, 2018
     New York, New York

                                             Vernon S. Broderick
                                             United States District Judge